JUDGE HINES
delivered the opinion op the court.
By a decree of tbe Garrard Circuit Court, rendered at the July term, 1872, Mary Dunn, wife of R. B. Dunn, was empowered to trade as a feme sole. In October, 1874, W. S. Hume and Mary Dunn entered into partnership for the purpose of buying, feeding, and selling cattle and hogs, R. B. Dunn acting as agent for his wife. The money to purchase the stock was borrowed on the joint obligation of Mr-s. Dunn and W. S. Hume. Appellee, in September, 1874, obtained judgment against R. B. Dunn, and in December of that year had execution issued thereon, and levied on the stock held *578 under the partnership, and attempted to subject it to the payment of his debt.
The court below held that the decree of the Garrard Circuit Court, empowering Mrs. Dunn to trade as a feme sole, was void for want, of sufficient publication, and subjected the interest claimed by Mrs. Dunn to the payment of the debt of appellee. From that judgment this appeal is taken.
The principal question to be considered is whether the publication in the proceeding under the act of February 14, 1866 (Myers’s Supplement, p. 728), was sufficient to give the Garrard Circuit Court jurisdiction to render the decree conferring on Mrs. Dunn the right to trade and contract as a single woman.
The language of the statute is, “ The court shall not have jurisdiction to make any such order or decree, . . . until notice of the filing of the petition and object thereof shall be published at least ten days, in a newspaper designated by the court; and a copy of the notice and proof of publication shall be filed in the action; and any creditor of the husband shall have the right to be made a party to said action, and contest the making of a decree or order therein.”
In that proceeding the court, January 25, 1872, caused to be entered the following order: “ It is ordered and adjudged that the filing of said petition and object thereof shall be published at least ten days in the Louisville Courier-Journal, a newspaper published in the city of Louisville.” The proper affidavit was made showing that the required notice was published in one issue of the daily Courier-Journal more than ten days before the rendition of the decree.
For our present purpose it is immaterial whether the publication'required by the act be considered in the nature of constructive process, for, in any event, it is a question of legislative intention. It may be conceded that jurisdiction can not be acquired in such cases without a strict compliance with the *579 requirements of the statute, and that without such compliance the decree would be absolutely void, and should be treated as if never made.
Three constructions have been contended for: First, that the law requires ten distinct and separate publications in the same paper. Second, that it requires the notice to be published in every regular issue of the paper designated, beginning at least ten days before the day on which the decree is rendered. Third, that one publication made in the paper designated, whether daily, weekly, or semi-weekly, is a literal and substantial compliance with the law.
The court below, in the able opinion rendered in this case, adopted the second view as the correct one. In this we are of the opinion that the court is in error.
Neither the first nor the second construction can be adopted without interpolating, into the statute, words which are not necessary to give it effect as it stands. In either case there would be a departure from its literal sense when the language is considered in its ordinarily-accepted meaning. It appears reasonable that if the legislature had intended that the publication should be made on ten 'different days, beginning more than ten days before the decree, or that the number of publications should depend upon the fact whether the paper designated was weekly, semi-weekly, or daily, it would have so expressly said, as was done prior to the Code, in the acts prescribing publication in cases against non-residents.
We are clearly of the opinion that the most reasonable and conservative construction is, that there is a compliance with the statute when the publication is made in one issue of. a paper designated by the court, if that publication is “ at least” ten days before the rendition of the decree.
We do not think that the proof shows any interest on the part of R. B. Dunn in the property in controversy that can be subjected to his debts. It does not appear that his credit *580 furnished any of the funds used in the purchase of the stock, or that he invested any thing in the speculation. There is no reason why Mrs. Dunn should not employ her husband to act as her agent as well as any one else. In fact it was highly proper that she should do so. It is not necessary to determine whether, if Mrs. Dunn was indebted to her husband for services in managing her business, it could be subjected to the payment of appellee’s claim, for the pleadings are not in a condition to raise that question.
Wherefore the judgment is reversed, and cause remanded with directions for further proceedings consistent with this opinion.